**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 12 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID ESPARZA; ALAN MARK;
ANTHONY MORA; IRENE REDD,

          Plaintiffs - Appellants,

 v.

COUNTY OF LOS ANGELES; LOS
ANGELES COUNTY BOARD OF
SUPERVISORS; LOS ANGELES
COUNTY CIVIL SERVICE
COMMISSION; LOS ANGELES
COUNTY SHERIFF'S DEPARTMENT,

          Defendants - Appellees.

No. 11-56523

D.C. No. 2:11-cv-02589-JFW-E

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted June 6, 2013
Pasadena, California

Before: THOMAS, SILVERMAN, and FISHER, Circuit Judges.

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

David Esparza, Alan Mark, Anthony Mora, and Irene Redd ("Plaintiffs") appeal the district court's dismissal of their 42 U.S.C. § 1983 claim under Federal Rule of Civil Procedure 12(b)(6). The district court had jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3), and we have jurisdiction under 28 U.S.C. § 1291. Because the parties are familiar with the facts, we do not recount them here. We affirm.

I

The district court did not err in concluding that Plaintiffs failed to state a claim under § 1983. Plaintiffs did not have a constitutionally protected property interest in continued employment as sworn peace officers with the Sheriff's Department or any other County agency, so they could not state a claim under § 1983 for violation of their Fourteenth Amendment right to due process. *See Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) ("To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law."); *Brady v. Gebbie*, 859 F.2d 1543, 1547–48 (9th Cir. 1988) (stating that one "has a constitutionally protected liberty interest in continued employment . . . [only] if he

has a reasonable expectation or a legitimate claim of entitlement to it" under state or local law (internal quotation marks omitted)).

No state or local law granted Plaintiffs a "legitimate claim of entitlement" to continued employment as sworn peace officers upon the elimination of their entire department. *Brady*, 859 F.2d at 1547–48. The Los Angeles County Board of Supervisors ("Board") had plenary authority under the County's charter to implement a workforce reduction plan and consolidate the Los Angeles Office of Public Safety ("OPS") with the Sheriff's Department. L.A. County Charter art. III, §§ 11(3), (4); *Holmgren v. Cnty. of Los Angeles*, 159 Cal. App. 4th 593, 601 (2008). Nothing in either the Public Safety Officers Procedural Bill of Rights ("PBRA") or the Los Angeles County Civil Service Rules entitled Plaintiffs to continued employment or administrative appeal hearings when the Board eliminated OPS. PBRA and the Civil Service Rules require administrative hearings only when an officer is being punished, suspended, demoted, or discharged for cause. Cal. Gov. Code §§ 3303, 3304; L.A. Cnty. Civ. Serv. R. 18.01, 18.03. Civil Service Rule 19, which concerns the abolishment of employees' positions, is silent on an officer's entitlement to an administrative hearing.

Nor were Plaintiffs entitled to a sworn peace officer position with the Sheriff's Department. OPS and the Sheriff's Department were separate organizations with separate hiring qualifications, *Frank v. Cnty. of Los Angeles*, 149 Cal. App. 4th 805, 810–11 (2007), and the Board made clear when it eliminated OPS that existing OPS officers would be placed in the Sheriff's Department or other County departments only if they met those departments' qualifications and standards. Plaintiffs concede that they did not meet the Sheriff's Department's qualifications for sworn deputy sheriff positions, so they did not have a "legitimate claim of entitlement" to those positions. *Brady*, 859 F.2d at 1547–48.

II

The district court did not abuse its discretion when it dismissed Plaintiffs' claim with prejudice. The defect in Plaintiffs' complaint is due to the lack of a cognizable legal theory, not insufficient factual allegations. Therefore, further amendment would be futile. *Mirmehdi v. United States*, 689 F.3d 975, 985 (9th Cir. 2011).[1]

**AFFIRMED.**

---

[1] Defendants-Appellees' Request for Judicial Notice is granted.